TUCKER ELLIS LLP
David J. Steele – SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll – SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
Janie L. Thompson – SBN 291622
janie.thompson@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs
Coachella Music Festival, LLC and
Goldenvoice, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC and GOLDENVOICE, LLC,<br><br>            Plaintiffs,<br><br>      v.<br><br>LIVE NATION ENTERTAINMENT, INC.; BLUEHOST INC. d/b/a UNIFIED LAYER; and DOES 1-20,<br><br>            Defendants. | Case No.: 2:21-cv-09631<br><br>**COMPLAINT FOR CONTRIBUTORY TRADEMARK AND SERVICE MARK INFRINGEMENT; CONTRIBUTORY FALSE DESIGNATION OF ORIGIN; AND UNFAIR COMPETITION**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC (collectively, "Plaintiffs") by and through their attorneys, Tucker Ellis LLP, file their complaint against Defendants Live Nation Entertainment, Inc. ("Live Nation"), Bluehost, Inc. d/b/a Unified Layer ("Unified Layer"), and Does 1-20 (collectively, "Defendants") for injunctive relief and damages as follows:

Plaintiffs allege as follows, upon actual knowledge with respect to themselves and their own acts, and on information and belief as to all other matters.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

# INTRODUCTION

1.     Held annually,[1] Plaintiffs' Coachella Valley Music & Arts Festival ("COACHELLA") is one of the most critically acclaimed music and art festivals in the world, with multiple bands, artists, food vendors, and stages. COACHELLA is a sold-out event which attracts hundreds of thousands of attendees to Southern California each April.

2.     Intentionally trading on the goodwill of Plaintiffs' well-known COACHELLA festival, the Twenty-Nine Palms Band of Mission Indians, operating as Coachella Crossroads, LLC,[2] a corporation organized under Twenty-Nine Palms' Business Ordinance, is attempting to operate a directly competitive live music event that it has named COACHELLA DAY ONE 22, at a venue in Southern California that it has named COACHELLA CROSSROADS.

3.     Plaintiffs have no objection to Twenty-Nine Palms holding a festival of their own or hosting events at their venue, but it must adopt and use an event name and mark, as well as a venue name and mark, that avoid a likelihood of consumer confusion and false association with Plaintiffs, Plaintiffs' COACHELLA festival, and the COACHELLA Marks (as defined herein). Despite repeated requests from Plaintiffs, Twenty-Nine Palms has refused to adopt its own distinctive event name or venue name and marks.

4.     Like Plaintiffs' COACHELLA festival, Twenty-Nine Palms' COACHELLA DAY ONE 22 festival is advertised as an outdoor live music event that features numerous forms of entertainment and artists, and is located in close proximity to the site where COACHELLA is held. Moreover, Twenty-Nine Palms has incorporated "Day One" and Plaintiffs' well-known and federally registered COACHELLA mark, in a manner imitative

---

[1] The COACHELLA festival was not held in person in 2020 and 2021 due to the COVID-19 pandemic; however, a virtual COACHELLA event was held instead, marketed as COUCHELLA. The COACHELLA festival is scheduled to return April 15-17, 2022 and April 22-24, 2022.

[2] The Twenty-Nine Palms Band of Mission Indians and Coachella Crossroads, LLC are collectively referred to in this Complaint as "Twenty-Nine Palms." As discussed herein, Twenty-Nine Palms is not named as defendants in this action because both have asserted through their counsel that they are entitled to sovereign immunity, and not subject to suit. They may be added at a later date.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

of, and strikingly similar to, the way that Plaintiffs identify their COACHELLA event using the COACHELLA mark and "Weekend One", "Weekend Two", "Day One", "Day Two", "Day Three", and the like. Shown below are representative examples of Plaintiffs' advertising on the left and Twenty-Nine Palms' advertising on the right:

*Plaintiffs' COACHELLA DAY ONE:*          *Twenty-Nine Palms' COACHELLA DAY ONE 22:*

          

Twenty-Nine Palms has even copied Plaintiffs' advertising, promotional and marketing materials, including incorporating similar color schemes along with design elements (e.g., a Ferris wheel, and silhouettes of palm trees and the mountains surrounding the Coachella Valley). Shown below are representative examples of Plaintiffs' promotional materials on the left and Twenty-Nine Palms' on the right:

*Plaintiffs' Advertising:*          *Twenty-Nine Palms' Advertising:*

          

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

5.      In fact, on or around December 9, 2021, Twenty-Nine Palms began offering complimentary tickets to COACHELLA DAY ONE 22, which are listed on Ticketmaster as "Coachella Complimentary Offer" despite having no actual affiliation with Plaintiff's festival. The offer, which is available on Ticketmaster's website, is shown below:



6.      Despite notice of the infringement and repeated requests from Plaintiffs to exercise their control over the infringement and stop these unlawful acts, Live Nation, through its ticketing segment Ticketmaster, continues to advertise events at COACHELLA CROSSROADS, including COACHELLA DAY ONE 22, and continues to sell tickets to the event, including the new "Coachella Complimentary Offer."

7.      Despite notice of the infringement and repeated requests from Plaintiffs to exercise their control over the infringement and stop these unlawful acts, Unified Layer continues to host Twenty-Nine Palms' website, available at coachellacrossroads.com, which advertises live music events at COACHELLA CROSSROADS, including COACHELLA DAY ONE 22.

8.      Although Twenty-Nine Palms may have sovereign immunity, others contributing to the infringement do not have the same privilege and are subject to claims for contributory infringement as well as the Court's jurisdiction.

4

9.     Accordingly, Plaintiffs have been forced to file this action to protect the COACHELLA trademarks and service marks from infringement, and unfair competition, and to protect the public from the likelihood of confusion.

## JURISDICTION AND VENUE

10.     This is an action for contributory trademark and service mark infringement under the Lanham Act, 15 U.S.C. § 1114, contributory trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), state unfair competition under the California Business and Professions Code § 17200, et seq., and violations of the common law.

11.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

12.     This Court has supplemental jurisdiction over the state law claims set forth herein under 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

13.     This Court has personal jurisdiction over all Defendants because Defendants conduct systematic and continuous business within California related to the unlawful activities at issue in this Complaint. Defendants continuously and systematically solicit business from and conduct business with California residents using the Internet through one or more fully interactive websites, accepting payments from California residents, delivering infringing services to residents of California and advertising through one or more California companies. In addition, Defendants have undertaken acts of contributory trademark and service mark infringement, contributory false designation of origin, and unfair competition that were purposefully directed at California with knowledge that the brunt of the injury would be felt by Plaintiffs in California. This Court also has personal jurisdiction over Defendant Live Nation because it resides in California.

14.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and a substantial part of property that is the subject of the action is situated in this judicial district.

### THE PARTIES

15.    Plaintiff Coachella Music Festival, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business in Los Angeles, California. Coachella Music Festival, LLC owns the intellectual property rights to COACHELLA.

16.    Plaintiff Goldenvoice, LLC is a limited liability company organized and existing under the laws of the State of California, having a principal place of business in Los Angeles, California. Goldenvoice, LLC produces the COACHELLA festival.

17.    Defendant Live Nation Entertainment, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Beverly Hills, California. Live Nation Entertainment, Inc. advertises and sells tickets to the COACHELLA DAY ONE 22 festival on ticketmaster.com.

18.    Defendant Bluehost Inc. d/b/a Unified Layer is a Utah corporation having a principal place of business in Provo, Utah. Unified Layer is the service provider for the website accessible at coachellacrossroads.com.

19.    Plaintiffs are not aware of the true names and capacities of Defendants named in this Complaint as Does 1-20, inclusive, and therefore brings this action against these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege these Defendants' true names and capacities when ascertained.

20.    At all times material to this action, each of the Defendants was the agent, servant, employee, partner, *alter ego*, direct participant, subsidiary, or joint venturer of each of the other Defendants, and the acts of each of the Defendants were in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and the consent of each of the other Defendants; and, each of the Defendants aided and abetted the other Defendants in the acts or omissions alleged in this Complaint.

## PLAINTIFFS' COACHELLA MUSIC FESTIVAL, TRADEMARKS AND SERVICE MARKS

21.     Plaintiffs own and produce COACHELLA, one of the country's premier music and arts festivals. Printouts of several news stories about COACHELLA are attached to this Complaint as Exhibit 1. The caption from one photograph accompanying a story from CNN reads, "[a]n aerial view taken from a helicopter on Sunday shows how big the [2011] festival is."

22.     Held annually at the Empire Polo Club in the beautiful Southern California desert, COACHELLA is one of the most critically acclaimed music festivals in the world. The entire festival site, which includes the festival grounds, on-sight camping, parking and support operations, encompass over 800 acres.

23.     COACHELLA was first held in October 1999 and drew some 25,000 attendees into the California desert in Southern California. Over the years,[3] both COACHELLA's attendance and its prominence have grown. Attendance to the sold-out COACHELLA festival, aggregated over the multi-day event, is estimated at 750,000 attendees.

24.     For the past several years when the festival has been held, tickets to COACHELLA sell out, and for the past few years typically sell out in about an hour. Tickets to the forthcoming 2022 COACHELLA festival have already sold out as well. Printouts of several news stories about COACHELLA selling out are attached to this Complaint as Exhibit 2.

25.     COACHELLA mixes some of the most groundbreaking artists from all genres of music along with a substantial selection of art installations from all over the world. COACHELLA attracts some of the world's biggest mega-stars to perform. The list of

---

[3] COACHELLA was next held in April 2001 and has been held annually thereafter, except as mentioned above in 2020 and 2021, when the festival was postponed due to the COVID-19 pandemic.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

artists who have performed include: Beyoncé, Beastie Boys, Bjork, Coldplay, Daft Punk, Depeche Mode, Drake, Jane's Addiction, Jay-Z, Kanye West, Madonna, Nine Inch Nails, Oasis, Paul McCartney, Prince, Radiohead, Rage Against the Machine, Red Hot Chili Peppers, Roger Waters, The Cure, The Pixies, and Tool, to list only a very few.

26.   COACHELLA is about more than just music. The festival's venue also includes camping facilities for some 15,000 attendees (complete with a karaoke lounge and a general store), and an amazing selection of food and beverages from a wide range of restaurants. The festival also features an extensive art exhibit which includes many pieces of art (including sculpture and so-called "interactive" art). The music, the food, the art, and of course, the fellowship of other attendees, taken together, makes COACHELLA more than just a concert to attend—it truly is an experience.

27.   Plaintiffs own and operate COACHELLA's website, available at www.coachella.com. This website has received over 20 million page views in 2019 and hosted nearly 8.5 million users over nearly 12 million sessions. Screen captures of Plaintiffs' current website, available at www.coachella.com, are attached to this Complaint as Exhibit 3.

28.   Plaintiffs also produce a mobile app for COACHELLA for use on iPhone / iPad and Android devices. Screen captures of Plaintiffs' app from iTunes and Google are attached to this Complaint as Exhibit 4.

29.   Plaintiffs extensively promote their COACHELLA festival through a variety of media, including via the Internet on its website, available at www.coachella.com, and on numerous social media sites including Facebook, Twitter, and Instagram, to list a few. Screen captures of Plaintiffs' Facebook, Twitter, and Instagram accounts are attached to this Complaint as Exhibit 5. As can be seen from Exhibit 5, Plaintiffs' Facebook page has over 2.2 million likes; their Twitter account is being followed by over 955,000 Twitter users; and their Instagram account is being followed by over 1.9 million Instagram users.

30.   Plaintiffs invested substantial sums in media and related content to promote COACHELLA.

31.     An Internet search using the Google search engine for the term "COACHELLA music festival" provided over 1 million hits; a cursory review of the results shows nearly every hit was related to Plaintiffs' festival; and the first search result was to Plaintiffs' www.coachella.com website.

32.     Tracked online media impressions (advertisements) for COACHELLA from March 29, 2019 through May 3, 2019 exceeded 130 million impressions.

33.     Over 500 credentialed journalists, from print media, radio, television, and the Internet reported live from the 2019 COACHELLA festival. The journalists represented media outlets such as Time, Billboard, and the BBC.

34.     Plaintiffs own the exclusive trademark and service mark rights to the distinctive COACHELLA trademark and service mark, having used the mark in connection with the festival and related goods and services since the first COACHELLA festival in 1999.

35.     Similarly, Plaintiffs own the exclusive trademark and service mark rights to the distinctive COACHELLA (stylized) trademark and service mark, having used the mark in connection with the festival and related goods and services since the first festival in 1999. A copy of the design mark is depicted below:

# COACHELLA

36.     Plaintiffs also own the exclusive trademark and service mark rights to the distinctive COACHELLA VALLEY MUSIC AND ARTS FESTIVAL trademark and service mark, having used the mark in connection with the festival and related goods and services since the first festival in 1999.

37.     Plaintiffs also own the exclusive trademark and service mark rights to the distinctive CHELLA trademark and service mark, which is frequently used to refer to COACHELLA and which Plaintiffs use in connection with a variety of goods and services, including the annual CHELLA concert.

38.    The COACHELLA, COACHELLA (stylized), CHELLA, and COACHELLA VALLEY MUSIC AND ARTS FESTIVAL marks are collectively referred to in this Complaint as "the COACHELLA Marks."

39.    Since 1999, Plaintiffs' use of the COACHELLA Marks has been extensive, continuous, and substantially exclusive.

40.    COACHELLA and the COACHELLA Marks have been the subject of extensive newspaper articles, magazine articles, television and Internet news stories. *See* Exhibits 1-2.

41.    Plaintiffs have made, and continue to make, a substantial investment of time, effort and expense in the production and promotion of COACHELLA and the COACHELLA Marks.

42.    The COACHELLA Marks are unique and distinctive and, as such, designate a single source of origin.

43.    As a result of Plaintiffs' efforts and use, the COACHELLA Marks have come to be recognized by the public and members of the trade as being associated exclusively with Plaintiffs and COACHELLA.

44.    Plaintiffs have entered into a very limited number of highly sought-after licenses to use the COACHELLA Marks.

45.    Similarly, Plaintiffs have entered into a limited number of official sponsorships of COACHELLA and have been highly selective regarding authorized or permitted use of the COACHELLA Marks by third parties.

46.    Plaintiffs expend substantial effort and expense to protect the COACHELLA Marks' distinctiveness in the marketplace. Plaintiffs extensively police unauthorized use of the COACHELLA Marks and have sent countless cease and desist letters, and made countless telephone calls, to combat misuse or unauthorized use of the COACHELLA Marks.

47.    Plaintiffs have filed numerous domain name complaints to remedy the registration or use of identical or confusingly similar Internet domain names.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

48.    Plaintiffs have filed numerous oppositions to other similar marks.

49.    Based on Plaintiffs' use, including the use described herein, Plaintiffs own extensive common law trademark rights in the COACHELLA Marks.

50.    In addition to their extensive common law rights, Plaintiffs own numerous United States registrations for the COACHELLA Marks. Specifically, Plaintiffs own:

a.  United States Service Mark Registration No. 3,196,119 for COACHELLA. This Registration is incontestable under 15 U.S.C. § 1065;

b.  United States Trademark Registration No. 4,270,482 for COACHELLA;

c.  United States Service Mark Registration No. 3,196,129 for COACHELLA (stylized). This Registration is incontestable under 15 U.S.C. § 1065;

d.  United States Trademark Registration No. 4,266,400 for COACHELLA (stylized);

e.  United States Trademark Registration No. 5,235,905 for COACHELLA;

f.  United States Trademark Registration No. 5,235,903 for COACHELLA (stylized);

g.  United States Service Mark Registration No. 3,196,128 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL. This Registration is incontestable under 15 U.S.C. § 1065;

h.  United States Trademark Registration No. 3,965,563 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL; and

i.  United States Trademark Registration No. 4,008,651 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL;

The registration certificates for each registration are attached to this Complaint as Exhibit 6.

51.    Having been widely promoted to the general public, and having exclusively identified Plaintiffs and their goods and services, the COACHELLA Marks symbolize the tremendous goodwill associated with Plaintiffs and Plaintiffs' festival.

52.    The COACHELLA Marks are a property right of incalculable value.

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

53.    The COACHELLA Marks have for many years enjoyed unquestionable fame as a result of the favorable general public acceptance and recognition.

## THE INFRINGING CONDUCT

### *Twenty-Nine Palms' Direct Infringing Use of COACHELLA CROSSROADS and COACHELLA DAY ONE 22*

54.    Twenty-Nine Palms owns and operates an outdoor venue that it has named COACHELLA CROSSROADS.

55.    The COACHELLA CROSSROADS venue is located in Coachella, California, approximately 5 miles from where Plaintiffs' COACHELLA festival is held.

56.    On or around April 11, 2018, Twenty-Nine Palms filed an intent-to-use trademark application (the "Application") with the United States Patent and Trademark Office ("USPTO") seeking to register the mark COACHELLA CROSSROADS, which was assigned Serial No. 87/872,706. As filed, the Application covered "Providing facilities for sports and entertainment events; Providing recreational facilities" in Class 41 and "Providing hotel and campground facilities; Providing social meeting, banquet and social function facilities" in Class 43.

57.    On or around April 23, 2018, the USPTO issued an Office Action against the Application citing a likelihood of confusion with Plaintiffs' COACHELLA Marks, due to the inclusion of entertainment services.

58.    Accordingly, on or around October 23, 2018, Twenty-Nine Palms filed a Response to Office Action seeking to amend the services to cover "Providing sports facilities for sporting events, sports and athletic competitions" in Class 41, and deleting the services in Class 43.

59.    The Application was published for opposition on December 11, 2018 and Plaintiffs timely filed an extension of time to oppose the Application on January 8, 2019.

60.    Plaintiffs and Twenty-Nine Palms entered into informal discussions during which Twenty-Nine Palms' counsel indicated that the venue would only be used for local community events, such as youth soccer and other small sporting events, and that any

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

music or live entertainment would be incidental to those events (for example, local artists performing at the youth soccer game). Based on this information, Plaintiffs did not oppose the Application.

61.     Notwithstanding receiving the USPTO's Office Action advising against use of COACHELLA CROSSROADS as mark for a venue for live music events and festivals, Twenty-Nine Palms began using COACHELLA CROSSROADS as a mark in 2021in connection with providing a venue for live music events and festivals.

62.     Beginning in 2021, Twenty-Nine Palms also began advertising and promoting live music events taking place at COACHELLA CROSSROADS, including concerts featuring prominent country artists Toby Keith and Miranda Lambert, among others. Toby Keith was the first music act to perform at COACHELLA CROSSROADS on May 15, 2021. Attached as Exhibit 7 are press releases and other advertising showing concerts taking place at COACHELLA CROSSROADS (some of which were ultimately cancelled or postponed).

63.     Twenty-Nine Palms also registered and uses the domain name coachellacrossroads.com to advertise the live music events at COACHELLA CROSSROADS, including the COACHELLA DAY ONE 22 festival. A screen capture of Twenty-Nine Palms' venue's website is attached as Exhibit 8.

64.     The website available at coachellacrossroads.com contains absolutely no information or content about sports facilities for sporting events, or sports and athletic competitions. *See* Exhibit 8.

65.     The only information available on the website available at coachellacrossroads.com pertains to the live music events and festivals offered by Twenty-Nine Palms. *See* Exhibit 8.

66.     More recently, Plaintiffs discovered that Live Nation and Twenty-Nine Palms began promoting a live music event using the name and mark COACHELLA DAY ONE 22, which is scheduled to take place on December 31, 2021 at COACHELLA

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

CROSSROADS. The COACHELLA DAY ONE 22 event features artists including Shaquille O'Neal (performing as DJ Diesel), E-40, and Getter. *See* Exhibit 9.

67.    Twenty-Nine Palms has gone to great lengths to imitate Plaintiffs and COACHELLA, as well as the COACHELLA Marks associated with Plaintiffs' festival.

68.    To begin with, COACHELLA is well-known for its prominent music artists, and consumers who enjoy live music attend COACHELLA. Twenty-Nine Palms is offering a directly competitive live music event and directly competes with Plaintiffs' fan base.

69.    Moreover, just as COACHELLA separates its festival into COACHELLA WEEKEND ONE and COACHELLA WEEKEND TWO, and similarly refers to individual days as DAY ONE, DAY TWO, and DAY THREE, Twenty-Nine Palms refers to its event as COACHELLA DAY ONE 22. Screen captures showing Plaintiffs' use of DAY ONE and WEEKEND ONE on the COACHELLA social media pages are attached as Exhibit 10 and screen captures showing Twenty-Nine Palms' use of DAY ONE in its advertising are attached as Exhibit 11.

70.    Twenty-Nine Palms has intentionally named its event COACHELLA DAY ONE to trade on the goodwill of the COACHELLA Marks, which are extensively used by Plaintiffs with the terms COACHELLA WEEKEND ONE, COACHELLA WEEKEND TWO, and DAY ONE, DAY TWO, and DAY THREE.

71.    Twenty-Nine Palms has even copied Plaintiffs' distinctive advertising and marketing materials. Advertising for COACHELLA, including posters, flyers, promotional materials, and social media posts, features bold, bright colors, sunsets, palm trees, silhouettes, illustrations of the Coachella Valley, and the iconic Ferris wheel from the COACHELLA grounds. *See* Exhibit 12. As one of many examples of such advertising, the artwork for Plaintiffs' promotional film "Coachella: 20 Years in the Desert" features a Ferris wheel appearing behind a silhouette of the mountains of the Coachella Valley with palm trees in the foreground, all in orange, yellow, and pink sunset colors. *Id.*, pg. 2-3. Similarly, other advertising announcing the lineup from a prior COACHELLA festival has

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

used similar images of the mountains of Coachella Valley with palm trees in the foreground and skies showing purple, red, orange, and yellow gradients to mimic the sunset. These images and design elements, particularly when used in combination, have become synonymous with COACHELLA over the years.

72.    Twenty-Nine Palms has adopted this same imagery for both COACHELLA CROSSROADS and COACHELLA DAY ONE 22. For example, a COACHELLA CROSSROADS billboard near Plaintiffs' and Twenty-Nine Palms' venues shows a Ferris wheel with silhouettes of live performers all depicted in orange, yellow, and red sunset colors. *See* Exhibit 13. Moreover, the advertising for COACHELLA DAY ONE 22 on Twenty-Nine Palms' website uses purple and yellow skies reminiscent of a sunset, along with palm trees and the silhouette of the Coachella Valley in the background. *See* Exhibit 8.

73.    In addition, press releases about COACHELLA DAY ONE 22 describe it as "part festival, part carnival, and part circus," while detailing the "aerial artists, live painters, live loopers, and stilt walkers" that will be performing during the live music event, which mimics COACHELLA's carefully curated experience combining live music and art. Also like COACHELLA, the grounds will have LED art installations and interactive environments using DOLAB, one of the same specialized vendors that Plaintiffs use for the COACHELLA festival. *See* Exhibit 14, pg. 2.

74.    Adding to the infringement, on or around December 9, 2021 Twenty-Nine Palms began offering complimentary tickets to COACHELLA DAY ONE 22, listing them on Ticketmaster's website and mobile devices as "Coachella Complimentary Offer." *See* Exhibit 15. These complimentary tickets are available on Live Nation's ticketing segment Ticketmaster.

75.    Twenty-Nine Palms is not affiliated with Plaintiffs or with COACHELLA. Ticketmaster provides ticketing for some of Plaintiffs other events, but is not affiliated with COACHELLA.

76.    Twenty-Nine Palms and the Defendants are not licensed to use the COACHELLA Marks.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

77.    Twenty-Nine Palms and the Defendants had (and continue to have) actual and constructive notice of Plaintiffs' rights in Plaintiffs' federally registered COACHELLA Marks under 15 U.S.C. § 1072.

78.    Twenty-Nine Palms' adoption and use of COACHELLA CROSSROADS and COACHELLA DAY ONE 22 to market its venue and associated live music and entertainment events was done with actual knowledge of the COACHELLA Marks.

79.    Twenty-Nine Palms adopted COACHELLA CROSSROADS and COACHELLA DAY ONE 22 intentionally because they are similar to the COACHELLA Marks.

80.    On or about October 28, 2021, Plaintiffs' counsel sent Twenty-Nine Palms' attorney a cease and desist letter regarding Plaintiffs' rights in the COACHELLA Marks and Twenty-Nine Palms' use of COACHELLA CROSSROADS and COACHELLA DAY ONE 22 in connection with live music and similar entertainment events.

81.    Twenty-Nine Palms, however, continues to advertise and promote COACHELLA DAY ONE 22 and other events scheduled to take place at COACHELLA CROSSROADS including via the Defendants' channels of commerce.

82.    Despite numerous requests by Plaintiffs, Twenty-Nine Palms refuses to change the names of both COACHELLA DAY ONE 22 and COACHELLA CROSSROADS. Further, Twenty-Nine Palms refuses to cease holding and marketing live music events at the venue.

*Evidence of Actual Confusion*

83.    Twenty-Nine Palms' use of COACHELLA CROSSROADS and COACHELLA DAY ONE 22 has caused actual confusion with Plaintiffs and their COACHELLA Festival. For example, one professional ticket reseller, TicketSmarter, offers for sale tickets to COACHELLA DAY ONE 22, and the event description specifically references Plaintiffs' Coachella Music Festival, and provides a link to TicketSmarter's webpage selling tickets to Plaintiffs' Coachella Music Festival. The text for the ticket listing for COACHELLA DAY ONE 22 states, in pertinent part:

> "Attend the world's top music festival to see the biggest names in music all in one place when you get Coachella Day One 22' tickets. Music festivals have turned into a major industry generating millions of dollars worldwide. Festivals such as **Coachella** generate revenues of over $114 million annually."

Emphasis added to show that the word Coachella was hypertext linked. A copy of TicketSmarter's ticket listing for COACHELLA DAY ONE 22 is attached to this Complaint as Exhibit 16 (shown side by side with TicketSmarter's listing for COACHELLA passes).

84. Moreover, TicketSmarter's event description of Plaintiffs' Coachella Music Festival uses very similar language as used for COACHELLA DAY ONE 22, referring to both as "the world's top music festival" with "the biggest names in music." *Id*.

### *Contributory Infringement*
### *by Defendants Live Nation and Unified Layer*

85. Live Nation, through its ticketing platform Ticketmaster, advertises and sells tickets to COACHELLA DAY ONE 22 on ticketmaster.com as well as its mobile app, and lists COACHELLA CROSSROADS as a venue at which live music and entertainment events are available for sale.

86. Live Nation's advertisement depicts the event name, "Coachella Day One 22'" in block letters of identical size and typeface. A screen capture from the ticketmaster.com website is shown in Exhibit 17.

87. Live Nation also offers a "Coachella Complimentary Offer" to Twenty-Nine Palms' COACHELLA DAY ONE 22 event. *See* Exhibit 16.

88. Live Nation has direct control and monitoring of its mobile app and its ticketing website at ticketmaster.com, which are used to sell tickets to the COACHELLA DAY ONE 22 event and to other music events held at COACHELLA CROSSROADS.

89. On or about October 28, 2021, Plaintiffs' counsel sent Live Nation a cease and desist letter regarding Plaintiffs' rights in the COACHELLA Marks and advising that use of COACHELLA CROSSROADS and COACHELLA DAY ONE 22 by Twenty-Nine

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Palms infringed Plaintiffs' rights. *See* Exhibit 18. The letter further demanded that Live Nation immediately cease all sales of tickets for the COACHELLA DAY ONE 22 event, and any other music festivals, live music performances or similar events at the COACHELLA CROSSROADS, and remove all use of COACHELLA from any advertising for the event or venue, including on its website.

90.     On information and belief, upon receipt of the October 28, 2021, cease and desist letter, Live Nation changed the listing for COACHELLA DAY ONE 22 on ticketmaster.com to read "DAY ONE 22" rather than "COACHELLA DAY ONE 22." The event, however, continues to be advertised as COACHELLA DAY ONE 22 in certain Live Nation advertising and in other advertising associated with the event.

91.     Accordingly, on or about November 12, 2021, Plaintiffs' counsel sent a follow-up letter to Live Nation explaining the continued infringement of the COACHELLA Marks, based on both the COACHELLA DAY ONE 22 event and COACHELLA CROSSROADS. *See* Exhibit 19.

92.     Live Nation continues to advertise and sell tickets to COACHELLA DAY ONE 22 and COACHELLA CROSSROADS even after receipt of these letters.

93.     Live Nation has control over the infringement, including without limitation the ability to stop the infringement by ceasing all sales of tickets for COACHELLA DAY ONE 22 or other events at COACHELLA CROSSROADS, and/or by stopping the dissemination of infringing advertising of COACHELLA DAY ONE 22 and events at COACHELLA CROSSROADS.

94.     Defendant Unified Layer hosts the website operated by Twenty-Nine Palms at coachellacrossroads.com. *See* Exhibit 20, showing hosting data for coachchellacrossroads.com.

95.     Unified Layer has direct control and monitoring of its website hosting service, including the hosting of the website at coachellacrossroads.com, which is used to market, promote, and sell tickets to the COACHELLA DAY ONE 22 event and other live music events held at COACHELLA CROSSROADS.

96.    On or about November 8, 2021, Plaintiffs' counsel sent Unified Layer a cease and desist letter regarding Plaintiffs' rights in the COACHELLA Marks and advising that use of COACHELLA CROSSROADS and COACHELLA DAY ONE 22 by Coachella Crossroads infringed Plaintiffs' rights. *See* Exhibit 21. The letter further demanded that Unified Layer take immediate action by ceasing hosting any content at coachellacrossroads.com, including but not limited to hosting content for the Coachella Crossroads venue, or any entertainment services.

97.    Defendant Unified Layer continues to host website available coachellacrossroads.com even after receipt of the cease and desist letter.

98.    Unified Layer has control over the infringement, including without limitation because it has the ability to stop the continued infringement by stopping the dissemination of infringing advertising of COACHELLA DAY ONE 22 and events at COACHELLA CROSSROADS on coachellacrossroads.com.

## HARM TO PLAINTIFFS AND THE GENERAL PUBLIC

99.    Twenty-Nine Palms and Defendants' unauthorized use of COACHELLA, COACHELLA CROSSROADS, COACHELLA DAY ONE 22, or any similar designation thereto, creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Twenty-Nine Palms' event and venue, and is likely to falsely suggest a sponsorship, connection, license, or association of Twenty-Nine Palms and Defendants with Plaintiffs and COACHELLA.

100.  Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

101.  Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

102.  Actual confusion has already occurred.

## **FIRST CAUSE OF ACTION**

### **(Contributory Trademark**

### **Infringement under 15 U.S.C. § 1114)**

*(Against Live Nation)*

103.   Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 102 of this Complaint as though fully set forth here.

104.   Twenty-Nine Palms' use in commerce of the COACHELLA Marks and variations thereof, including COACHELLA CROSSROADS and COACHELLA DAY ONE 22, is likely to cause confusion, mistake, or to deceive, and is likely to deceive the relevant public that Defendants' goods or services are authorized, sponsored or approved by, or are affiliated with Plaintiffs.

105.   The above-described acts constitute direct trademark infringement of the COACHELLA Marks and false designation of origin in violation of 15 U.S.C. § 1114(1).

106.   Live Nation had actual notice of the infringement described herein, namely that Twenty-Nine Palms' use of COACHELLA DAY ONE 22 and COACHELLA CROSSROADS in connection with live music and similar entertainment events was infringing Plaintiffs' rights.

107.   Despite knowing about the infringing conduct, Live Nation continued to provide services supporting Twenty-Nine Palms' infringement and have materially encouraged, enabled, and contributed to the infringing conduct.

108.   Live Nation has direct control and monitoring over the instrumentality used to infringe Plaintiffs' rights. Among other things, Live Nation has been and continues to sell the tickets for COACHELLA DAY ONE 22, and advertise for COACHELLA DAY ONE 22 and COACHELLA CROSSROADS.

109.   Live Nation therefore bears contributory liability for the use of COACHELLA DAY ONE 22 and COACHELLA CROSSROADS, in violation of 15 U.S.C. § 1051, et seq. and common law.

110.   Live Nation has unfairly profited from the actions alleged.

111.  By reason of the above-described acts of Live Nation, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks.

112.  The above-described acts of Live Nation have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

113.  The above-described acts of Live Nation have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

114.  By reason of Live Nation's acts, Plaintiffs' remedy at law is not adequate to compensate it for the injuries inflicted by Live Nation. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Live Nation and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

115.  Because the above-described acts of Live Nation were willful, Plaintiffs are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

116.  This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Contributory Trademark
### Infringement under 15 U.S.C. § 1114)

*(Against Unified Layer)*

117.  Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 116 of this Complaint as though fully set forth here.

118.  Twenty-Nine Palms' use in commerce of the COACHELLA Marks and variations thereof, including COACHELLA CROSSROADS and COACHELLA DAY ONE 22, is likely to cause confusion, mistake, or to deceive, and is likely to deceive the relevant public that Defendants' goods or services are authorized, sponsored or approved by, or are affiliated with Plaintiffs.

119.  The above-described acts constitute direct trademark infringement of the COACHELLA Marks and false designation of origin in violation of 15 U.S.C. § 1114(1).

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

120.   Unified Layer had actual notice of the infringement described herein, namely that Twenty-Nine Palms' use of COACHELLA DAY ONE 22 and COACHELLA CROSSROADS in connection with live music and similar entertainment events was infringing Plaintiffs' rights.

121.   Unified Layer has direct control and monitoring over the instrumentality used to infringe Plaintiffs' rights. Among other things, Unified Layer has been and continues to host the website, available at coachellacrossroads.com, used by Twenty-Nine Palms to advertise COACHELLA DAY ONE 22, and COACHELLA CROSSROADS, and to redirect consumers to Ticketmaster for ticket sales.

122.   Unified Layer has unfairly profited from the actions alleged.

123.   By reason of the above-described acts of Unified Layer, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks.

124.   The above-described acts of Unified Layer have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

125.   The above-described acts of Unified Layer have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

126.   By reason of Unified Layer's acts, Plaintiffs' remedy at law is not adequate to compensate it for the injuries inflicted by Unified Layer. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Unified Layer and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

127.   Because the above-described acts of Unified Layer were willful, Plaintiffs are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

128.   This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

# THIRD CAUSE OF ACTION

## (Contributory Trademark Infringement and

## False Designation of Origin under 15 U.S.C. § 1125(a))

### *(Against Live Nation)*

129. Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 128 of this Complaint as though fully set forth here.

130. Twenty-Nine Palms' use in commerce of the COACHELLA Marks and variations thereof, including COACHELLA CROSSROADS and COACHELLA DAY ONE, is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized, sponsored or approved by, or are affiliated with Plaintiffs.

131. The above-described acts of Twenty-Nine Palms constitute direct trademark infringement of the COACHELLA Marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

132. Live Nation had actual notice of the infringement and false designation described herein, namely that Twenty-Nine Palms' use of COACHELLA DAY ONE 22 and COACHELLA CROSSROADS in connection with live music and similar entertainment events was infringing Plaintiffs' rights.

133. Despite knowing about the infringing conduct, Live Nation continued to provide services supporting Twenty-Nine Palms' infringement and have materially encouraged, enabled, and contributed to the infringing conduct.

134. Live Nation has direct control and monitoring over the instrumentality used to infringe Plaintiffs' rights. Among other things, Live Nation has been and continues to sell the tickets for COACHELLA DAY ONE 22, and advertise for COACHELLA DAY ONE 22 and COACHELLA CROSSROADS.

135. Live Nation therefore bears contributory liability for the use of COACHELLA DAY ONE 22 and COACHELLA CROSSROADS, in violation of 15 U.S.C. § 1051, et seq. and common law.

136.   Live Nation has unfairly profited from the actions alleged.

137.   By reason of the above-described acts of Live Nation, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks.

138.   The above-described acts of Live Nation have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

139.   The above-described acts of Live Nation have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

140.   By reason of Live Nation's acts, Plaintiffs' remedy at law is not adequate to compensate it for the injuries inflicted by Live Nation, Plaintiffs are entitled to entry of a temporary restraining order against Live Nation and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

141.   Because the above-described acts of Live Nation were willful, Plaintiffs are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

142.   This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### (Contributory Trademark Infringement and

### False Designation of Origin under 15 U.S.C. § 1125(a))

*(Against Unified Layer)*

143.   Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 142 of this Complaint as though fully set forth here.

144.   Twenty-Nine Palms' use in commerce of the COACHELLA Marks and variations thereof, including COACHELLA CROSSROADS and COACHELLA DAY ONE, is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized, sponsored or approved by, or are affiliated with Plaintiffs.

145.   The above-described acts of Twenty-Nine Palms constitute direct trademark infringement of the COACHELLA Marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

146.   Unified Layer had actual notice of the infringement described herein, namely that Twenty-Nine Palms' use of COACHELLA DAY ONE 22 and COACHELLA CROSSROADS in connection with live music and similar entertainment events was infringing Plaintiffs' rights.

147.   Unified Layer has direct control and monitoring over the instrumentality used to infringe Plaintiffs' rights. Among other things, Unified Layer has been and continues to host the website, available at coachellacrossroads.com, used by Twenty-Nine Palms to advertise COACHELLA DAY ONE 22, and COACHELLA CROSSROADS, and to redirect consumers to Ticket Master for ticket sales.

148.   Unified Layer has unfairly profited from the actions alleged.

149.   By reason of the above-described acts of Unified Layer, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks.

150.   The above-described acts of Unified Layer have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

151.   The above-described acts of Unified Layer have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

152.   By reason of Unified Layer's acts, Plaintiffs' remedy at law is not adequate to compensate it for the injuries inflicted by Unified Layer. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Unified Layer and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

153.   Because the above-described acts of Unified Layer were willful, Plaintiffs are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117. This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## **FIFTH CAUSE OF ACTION**

### **(Violation of California Unfair Competition**
### **and Common Law Trademark Law)**

*(Against Live Nation)*

154.   Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 153 of this Complaint as though fully set forth here.

155.   Plaintiffs are informed and believe that Defendant Live Nation is in direct competition with Plaintiffs.

156.   Defendant's willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods and services causing confusion as to the source of the goods and causing harm to Plaintiffs' goodwill is an unlawful appropriation of Plaintiffs' exclusive rights in the COACHELLA Marks and variations thereof.

157.   Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq.*, and under the common law of the State of California.

158.   Pursuant to California Business and Professions Code § 17203, Defendant is required to disgorge and restore to Plaintiffs all profits and property acquired by means of Defendant's unfair competition with Plaintiff.

159.   Due to Live Nation's conduct, Plaintiffs have suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Live Nation's acts and continuing acts. Plaintiffs' remedy at law is not adequate to compensate them for the injuries already inflicted and further threatened by Live Nation. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

160.   Live Nation's conduct has been intentional and willful and in conscious disregard of Plaintiffs' rights and, therefore, Plaintiffs are entitled to exemplary or

punitive damages under the common law of the State of California in an amount appropriate to punish Defendant and to make an example of them to the community.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1.     That the Court enter a judgment against Defendants that Defendants have contributorily infringed the rights of Plaintiffs in the COACHELLA Marks that have been federally registered, in violation of 15 U.S.C. §§ 1114 and 1125(a);

2.     That the Court enter a judgment against Live Nation that Live Nation engaged in unfair competition and deceptive acts and practices in violation of California Business and Professions Code §§ 17200, *et seq.* and California common law.

3.     That each of the above acts was willful.

4.     That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants or Twenty-Nine Palms, from:

    a.   Engaging in, or contribution to, any infringing activity including advertising, promoting, marketing, franchising, selling and offering for sale any goods or services in connection with the COACHELLA Marks or any similar mark, including but not limited to COACHELLA CROSSROADS and COACHELLA DAY ONE 22;

    b.   Using any domain name, or social media account, that is identical or confusingly similar to the COACHELLA Marks;

    c.   Engaging in any unfair competition with Plaintiffs; and

    d.   Engaging in any deceptive acts.

5.     That Plaintiffs be awarded damages for trademark infringement and unfair competition and that these damages be trebled due to Defendants' willfulness, in accordance with the provisions of 15 U.S.C. § 1117.

6.     That Plaintiffs be awarded all profits resulting from Defendants' contributory

infringement of Plaintiffs' rights and by means of Defendants' unfair competition with Plaintiffs.

7. That Defendants be ordered to account for and disgorge to Plaintiffs all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

8. That Plaintiffs be awarded an amount sufficient to reimburse Plaintiffs for the costs of corrective advertising.

9. For prejudgment interest on all infringement damages.

10. That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, California law, and any other applicable provision of law.

11. That the Court award Plaintiffs their costs of suit incurred herein.

12. For such other or further relief as the Court may deem just and proper.

DATED: December 13, 2021                    Tucker Ellis LLP


                                            By:    /s/ David J. Steele
                                                   David J. Steele
                                                   Howard A. Kroll
                                                   Steven E. Lauridsen
                                                   Janie L. Thompson

                                                   *Attorneys for Plaintiffs*
                                                   *Coachella Music Festival, LLC and*
                                                   *Goldenvoice, LLC*

# **DEMAND FOR TRIAL BY JURY**

Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC hereby demand a trial by jury to decide all issues so triable in this case.

DATED: December 13, 2021                    Tucker Ellis LLP

By:      /s/ David J. Steele
_____
David J. Steele
Howard A. Kroll
Steven E. Lauridsen
Janie L. Thompson

*Attorneys for Plaintiffs*
*Coachella Music Festival, LLC and*
*Goldenvoice, LLC*

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis