TUCKER ELLIS LLP
David J. Steele – SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll – SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
Janie L. Thompson – SBN 291622
janie.thompson@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs
Coachella Music Festival, LLC and
Goldenvoice, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC and GOLDENVOICE, LLC,<br><br>Plaintiffs<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., BLUEHOST INC. d/b/a UNIFIED LAYER, and DOES 1-20<br><br>Defendants | Case No. 2:21-cv-09631<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC (collectively "Plaintiffs") respectfully move this Court ex parte pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and an order to show cause as to why a preliminary injunction should not issue.

By way of this applications, Plaintiffs seek the following injunctive relief from Defendants Live Nation Entertainment, Inc. ("Live Nation"), Bluehost, Inc. d/b/a Unified Layer ("Unified Layer") (collectively "Defendants") and their officers, agents, servants, employees and attorneys, and all other persons acting in concert with or participation with Defendants who receive actual notice of the Court's temporary restraining order:

1. Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants and/or Twenty-Nine Palms are hereby enjoined and restrained from:

   a. Engaging in, or contributing to, any infringing activity including advertising, promoting, marketing, franchising, selling and offering for sale any goods or services in connection with the COACHELLA Marks[1] or any similar mark, including but not limited to COACHELLA CROSSROADS and COACHELLA DAY ONE 22; and

   b. Using any domain name (including coachellacrossraods.com), or social media account, that is identical or confusingly similar to the COACHELLA Marks, including but not limited to COACHELLA CROSSROADS and COACHELLA DAY ONE 22.

Plaintiffs also request that this Court issue an order to show cause as to why a preliminary injunction should not issue embracing these same terms.

---

[1] The "Coachella Marks" are defined as COACHELLA, COACHELLA (stylized), and COACHELLA VALLEY MUSIC AND ARTS FESTIVAL, including the subject marks of U.S. Registration Nos. 3,965,563, 3,196,119, 3,196,128, 3,196,129, 4,008,651, 4,266,400, 4,270,482, 5,235,903, and 5,235,905.

The grounds for this application are that Defendants bear contributory liability for the unlawful use of the COACHELLA trademarks and service marks (the "Coachella Marks"). In particular, the Twenty-Nine Palms Band of Mission Indians, operating as Coachella Crossroads LLC,[2] is infringing the Coachella Marks by operating a directly competitive live music event that it has named COACHELLA DAY ONE 22, at a venue in Southern California that it has named COACHELLA CROSSROADS. Despite notice of the infringement and repeated requests from Plaintiffs to exercise their control over the infringement and stop these unlawful acts, Live Nation and Unified Layer continue to provide services to Twenty-Nine Palms. In doing so, they are contributing to the infringement of the Coachella Marks. Immediate relief is warranted because the COACHELLA DAY ONE 22 event is scheduled to take place on December 31, 2021, and the advertising is ongoing.

This Application is based on this Application; the Memorandum of Points and Authorities in Support; the Declaration of Jason Bernstein; the Declaration of David Steele; the record in this matter; and such other and further papers, evidence, and argument as may be submitted in connection with this Application.

To the best of Plaintiffs' knowledge, Defendants', the names, addresses, telephone numbers, and email addresses of Defendants and/or their counsel are as follows:

1. Ellie Schwimmer, Senior Vice President, Legal for Defendant Live Nation Entertainment, Inc., 9348 Civic Center Drive, Beverly Hills, California, 310.975.6891, ellieschwimmer@livenation.com; and

2. Defendant Bluehost Inc. d/b/a Unified Layer, 10 Corporate Drive, Suite #300, Burlington, MA 01803, 888.401.4678, legal@bluehost.com.

Pursuant to Local Civil Rule 7-3, no conference of counsel is necessary because

---

[2] The Twenty-Nine Palms Band of Mission Indians and Coachella Crossroads LLC are referred to in this Motion as "Twenty-Nine Palms." As discussed in the Complaint (ECF No. 1), they are not named as defendants in this action because they have asserted through counsel that they are entitled to sovereign immunity, and are not subject to suit.

Plaintiffs are moving for a temporary restraining order and preliminary injunction. Pursuant to Local Civil Rule 7-19.1, Plaintiffs' counsel telephoned Defendants to give them notice of this application on December 13, 2021. Plaintiffs' counsel also emailed Defendants the same day to provide further notice of this application, to request that Defendants stipulate to the relief requested, and to inform Plaintiffs that they would have twenty-four hours after service of this application to file and serve their responsive papers.

Plaintiffs' counsel also requested that Defendants advise whether they intend to oppose this application. Plaintiffs' counsel has not yet received a response. Declaration of David J. Steele ¶¶ 9-13.

Respectfully submitted,

Dated: December 13, 2021

Tucker Ellis LLP

By: /s/David J. Steele

David J. Steele
Howard A. Kroll
Steven E. Lauridsen
Janie L. Thompson

Attorneys for Plaintiffs
Coachella Music Festival, LLC
Goldenvoice, LLC