TUCKER ELLIS LLP
David J. Steele – SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll – SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
Janie L. Thompson – SBN 291622
janie.thompson@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs
Coachella Music Festival, LLC and
Goldenvoice, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC and GOLDENVOICE, LLC,<br><br>Plaintiffs<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., BLUEHOST INC. d/b/a UNIFIED LAYER, and DOES 1-20<br><br>Defendants | Case No. 2:21-cv-09631-RGK (GJSx)<br><br>**REPLY IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

## I. INTRODUCTION

Defendant Live Nation Entertainment, Inc. ("Live Nation") misconstrues both the relief Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC (collectively, "Plaintiffs") seek in their Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause as to Why a Preliminary Injunction Should Not Issue ("Application"), and the effect of tribal sovereign immunity on Plaintiffs' claims regarding Live Nation's own contributory infringement.

While Twenty-Nine Palms Band of Mission Indians ("Twenty-Nine Palms") may be immune from suit for their infringement, it is still engaging in direct infringement, and Live Nation may be held liable for its own contributory infringement based on Twenty-Nine Palms' direct infringement. And Plaintiffs do not seek injunctive relief to bar Twenty-Nine Palms from hosting a concert on New Year's Eve; Plaintiffs merely seek to stop the infringement of the COACHELLA Marks in connection with that concert. Granting Plaintiffs' relief would only bar Defendants from participating in that infringement as contributory infringers. If Twenty-Nine Palms desired to continue to use Defendants' services in connection with the concert, they could do so by ceasing use of the infringing marks for their concert and venue.

Contrary to Live Nation's argument, the fact that Twenty-Nine Palms is ***immune from suit*** for direct trademark infringement, does not mean there ***is no*** direct infringement. While federal courts lack power over recognized Indian tribes, the act of direct infringement is still an infringement upon which another party's contributory infringement may be enforced. *See Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F. Supp. 2d 1131, 1141–42 (N.D. Okla. 2001). Indeed, courts have rejected similar attempts to extend an Indian tribe's immunity to non-tribal entities. *Id.* at 1143 (holding "defendants' attempt to manipulate a doctrine designed to preserve tribal self-governance and independence into one that can be used as a legalistic loophole to assist non-Indians in the avoidance of civil liability cannot stand"); *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2d Cir. 2000) (reversing district court's holding that Indian tribe was indispensable party in case

against tribe and others for copyright infringement because joint tortfeasors are jointly and severally liable)

Beyond these issues, Live Nation contends that this lawsuit is improper because Plaintiffs are in reality seeking relief from Twenty-Nine Palms Band of Mission Indians ("Twenty-Nine Palms"), which Live Nation contends is an indispensable party under Fed. R. Civ. P. 19(b). But this argument misses the mark as joint infringers are subject to joint and several liability, such that no infringer is a necessary party under Rule 19(a). *See Costello Publishing Co. v. Rotelle,* 670 F.2d 1035, 1043 (D.C. Cir. 1981) ("[I]t is well established that a suit for infringement is analogous to other tort actions and infringers are jointly and severally liable; hence plaintiff need only sue participants as it sees fit."); *see also Temple v. Synthes Corp.,* 498 U.S. 5, 7 (1990) ("The Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability.'"); 7 Wright & Miller, Fed. Prac. & Proc. § 1614 (3d ed. April 2021) ("The question of who must be joined as defendants in patent, copyright, and trademark suits for infringement also is fairly easy to answer. A suit for infringement may be analogized to other tort actions. All infringers are jointly and severally liable. Thus, plaintiff may choose whom to sue and is not required to join all infringers in a single action."). Contrary to Live Nation's arguments, Twenty-Nine Palms is not an indispensable party to this action, Defendants' contributory infringement is independently actionable without Twenty-Nine Palms being a party to this suit, and the timing of this suit and Application does not preclude relief.

Live Nation also argues that the timing of Plaintiffs' suit is meant to deprive Twenty-Nine Palms of being able to host its concert at the last minute. This misreads the relief Plaintiffs seek. Plaintiffs do not contend that Twenty-Nine Palms cannot lawfully use its venue to host a concert or other live entertainment; Plaintiffs merely take issue with the use of their COACHELLA Marks in connection with Twenty-Nine Palms' event venue and music festival. If the Court grants Plaintiffs the full injunctive relief they seek, Twenty-Nine Palms could continue with its concert. Defendants would simply be prohibited from

-2-

providing material support to that concert unless Twenty-Nine Palms removes the infringing aspects of it.

## II. ARGUMENT

### A. Twenty-Nine Palms is not an indispensable party to this suit, and Defendants' contributory infringement is independently actionable.

Live Nation argues injunctive relief should be denied because Twenty-Nine Palms is an indispensable party under Fed. R. Civ. P. 19(b), and that a contributory infringement claim cannot be brought without an accompanying direct infringement claim. While sovereign immunity may shield Twenty-Nine Palms from suit,[1] it is not a necessary party to this action regarding Defendants' *own acts* of contributory infringement. In cases of joint infringement, a contributory infringer may be sued separately from an Indian tribe not subject to suit due to tribal sovereign immunity. *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2d Cir. 2000) (reversing district court's holding that Indian tribe was indispensable party in case against tribe and others for copyright infringement because joint tortfeasors are jointly and severally liable); *see also Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F. Supp. 2d 1131, 1141–43 (N.D. Okla. 2001) (holding "defendants' attempt to manipulate a doctrine designed to preserve tribal self-governance and independence into one that can be used as a legalistic loophole to assist non-Indians in the avoidance of civil liability cannot stand").

Rule 19(a)(1)(A), which defines a necessary party as one without whom complete relief could not be accorded among the existing parties, simply does not apply to Twenty-Nine Palms here because the Court *can* accord complete relief among the parties as to Defendants *own acts of contributory infringement*. *See Coach, Inc. v. Celco Cust. Svcs. Co.*, No. CV 11-10787, 2013 WL 12122691, at *12 (D.C. Cal. Jan 28, 2013). "Courts have long held that in patent, trademark, literary property, and copyright infringement cases, *any*

---

[1] Plaintiffs have investigated this issue and decided not to sue Twenty-Nine Palms at this time based on Twenty-Nine Palms' representations through counsel regarding sovereign immunity, but may add them as a party at a later date.

-3-

*member of the distribution chain can be sued as an alleged joint tortfeasor*. Since joint tortfeasors are jointly and severally liable, the victim of trademark infringement may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit are not indispensable parties." *Lockheed Martin Corp. v. Network Solutions, Inc.*, No. CV 96–7438 DDP (ANx), 1997 WL 381967, *3 (C.D. Cal. Mar. 19, 1997) (emphasis added) (internal alteration marks omitted) (citing *Costello Publishing Co. v. Rotelle,* 670 F.2d 1035, 1043 (D.C. Cir. 1981)); *see also Temple v. Synthes Corp.,* 498 U.S. 5, 7 (1990) ("The Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability.'"); 7 Wright & Miller, Fed. Prac. & Proc. § 1614 (3d ed. April 2021) ("The question of who must be joined as defendants in patent, copyright, and trademark suits for infringement also is fairly easy to answer. A suit for infringement may be analogized to other tort actions. All infringers are jointly and severally liable. Thus, plaintiff may choose whom to sue and is not required to join all infringers in a single action.")

Because copyright and trademark actions sound in tort, a plaintiff may elect to sue fewer than all infringers. *Multimedia Games*, 214 F. Supp. 2d at 1142 (citing *Costello Publishing*, 670 F.2d at 1043; 7 Wright & Miller, Fed. Prac. & Proc., Civil 2d § 1614, 3 Nimmer on Copyright § 1203). "It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability." *Id.* (citing *Temple*, 498 U.S. at 7). Where tortfeasors have joint and several liability, each tortfeasor is merely a permissive party to an action involving another party with similar liability. *Id.* (citing advisory committee notes to 1966 Amendment to Rule 19(b)). Because joint tortfeasors need not be joined in an action against one of the tortfeasors, one is not a necessary party to an action against the other. *See WM Int'l*, 329 F.R.D. at 497 (holding that although trademark holder may be indispensable party as to claim for cancellation of trademark, a plaintiff may choose not to name a trademark owner in a suit for infringement without implicating Rule 19 because infringers who are jointly and severally liable are not necessary parties under Rule 19); *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine*

*Distributors Pty. Ltd.*, 647 F.2d 200, 207 (D.C. Cir.1981) (those not named in copyright infringement suits are not indispensable parties because any member of the chain can be sued at plaintiff's discretion).

Here, Live Nation's assertion that Twenty-Nine Palms is a necessary and indispensable party does not get off the ground. It is well-established that joint tortfeasors in trademark infringement suits are not necessary parties, including in cases involving tribal sovereign immunity of fewer than all parties, and Plaintiffs may decide which joint tortfeasors to enforce against. Defendants' contributory infringement constitute separate tortious acts, and Plaintiffs' claims against them may be completely resolved by this Court without Twenty-Nine Palms being a party to the case. *See Multimedia Games*, 214 F. Supp. 2d at 1142.

### B. Plaintiffs did not engage in inexcusable delay in seeking preliminary injunctive relief from this Court.

Live Nation argues that Plaintiffs impermissibly delayed bringing suit and seeking emergency injunctive relief. But even if Plaintiffs' efforts to resolve Twenty-Nine Palms' infringement pre-suit could be considered delay, such delay would not warrant denial of temporary and preliminary injunctive relief given the balancing of factors presented here. "Delay is but a single factor to consider in evaluating irreparable injury." *Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019) (quoting *Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014)). Further, "courts are loath to withhold relief solely on that ground," and "such tardiness is not particularly probative in the context of ongoing, worsening injuries." *Id*. Moreover, any such delay was reasonable here, where Plaintiffs relied on Twenty-Nine Palms' modification to its application to the USPTO and accompanying representation to counsel that their venue would be used for youth sporting events and related community events—not large-scale musical events trading on the famous COACHELLA name—and Plaintiffs further attempted to negotiate a resolution with Twenty-Nine Palms and the Defendants prior to filing suit. *See Toyo Tire USA Corp. v. Mandala*, No. 8:20-cv-00502-JLS-KES, 2020 WL 5371513, at *6 (C.D. Cal. Aug. 4,

2020) (refusing to "penalize Plaintiffs for attempting to resolve [the] dispute without resorting to litigation" after plaintiffs sent multiple cease and desist letters, a draft of a complaint, and relied on defendants' representations regarding ongoing infringement); *Boldface Licensing + Branding v. By Lee Tillett, Inc.*, 940 F. Supp. 2d 1178, 1196–97 (C.D. Cal. 2013) (holding delay was not unreasonable when plaintiff waited for USPTO to act on defendant's applications and for a preliminary injunction motion to be decided in a related case, and because parties engaged in settlement negotiations after cease and desist letters were sent); *see also Ocean Garden, Inc. v. Marktrade Co., Inc.*, 853 F.2d 500, 508 (9th Cir. 1991) (delay of over six months between filing suit and moving for preliminary injunction did not bar relief because parties were engaged in settlement negotiations); *Home Comfort Heating and Air Conditioning, Inc. v. Ken Starr, Inc.*, No. 8:18-cv-00469-JLS-DFM, 2018 WL 3816745 at *9-10 (C.D. Cal. Jul. 24, 2018) (excusing twenty-month delay because plaintiff showed strong likelihood of success on merits and compelling evidence of likelihood of irreparable harm, and delay was due to opposition proceedings and extensive, ongoing settlement discussions).

Contrary to Live Nation's contention that Plaintiffs waited until the last minute to seek relief to gain strategic advantage, Plaintiffs filed their suit after attempts to prevent infringement without court action had been exhausted. Plaintiffs contacted Twenty-Nine Palms regarding its potential plans to use COACHELLA CROSSROADS as an entertainment venue. In response, Twenty-Nine Palms' counsel indicated that the venue would only be used for local community events, such as youth soccer and other small sporting events, and that any music or live entertainment would be incidental to those events (for example, local artists performing at the youth soccer game)—an assertion supported by Twenty-Nine Palms' amendment to its Application.[2] When Twenty-Nine

---

[2] Live Nation's arguments regarding Twenty-Nine Palms' "rights" to use COACHELLA as part of its marks is specious both because (1) sovereign immunity does not confirm a "right" to do anything, it merely provides immunity from suit; and (2) because Twenty-Nine Palms' registration is for generally providing sports facilities and specifically does not include entertainment services, which Twenty-Nine Palms is now providing. In fact,

Palms nonetheless proceeded to host a musical performance by Toby Keith in 2021, Plaintiffs contacted Twenty-Nine Palms and demanded that it cease its infringing activity. And when Plaintiffs learned of COACHELLA DAY ONE 22, Plaintiffs' counsel promptly sent a cease and desist letter demanding Twenty-Nine Palms change the name and stop the infringing use. Several weeks later, Twenty-Nine Palms sent a letter through counsel stating it would continue its unlawful conduct and arguing it was immune from suit. Twenty-Nine Palms further asserted no Defendant could be sued for contributory infringement because Twenty-Nine Palms would be an indispensable party to any such suit. Plaintiffs diligently researched the legal issues raised in this letter as quickly as possible so as to avoid consuming court resources and, upon concluding that Defendants could be sued in Twenty-Nine Palms' absence, filed this suit and sought a temporary restraining order and preliminary injunction to halt the ongoing infringing conduct.

### III. CONCLUSION

For the above reasons and those stated in Plaintiffs' opening Memorandum, Plaintiffs respectfully request the Court grant Plaintiffs' request for a temporary restraining and order and preliminary injunction barring the use of COACHELLA CROSSROADS, COACHELLA DAY ONE 22, or any similar designation.

Respectfully submitted,

Dated: December 15, 2021

Tucker Ellis LLP

By: /s/David J. Steele

David J. Steele
Howard A. Kroll
Steven E. Lauridsen
Janie L. Thompson

Attorneys for Plaintiffs
Coachella Music Festival, LLC
Goldenvoice, LLC

---

the USPTO expressly required entertainment services be removed from Twenty-Nine Palms' application as a condition of its registration, which Twenty-Nine Palms affirmatively withdrew. Simply put, Twenty-Nine Palms has no trademark rights in any mark that uses COACHELLA in connection with entertainment services.