TUCKER ELLIS LLP
David J. Steele – SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll – SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
Janie L. Thompson – SBN 291622
janie.thompson@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs
Coachella Music Festival, LLC and
Goldenvoice, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC and GOLDENVOICE, LLC,<br><br>Plaintiffs<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., BLUEHOST INC. d/b/a UNIFIED LAYER, and DOES 1-20<br><br>Defendants | Case No. 2:21-cv-09631-RGK (GJSx)<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR MODIFICATION OF TEMPORARY RESTRAINING ORDER TO PROVIDE SUPPLEMENTAL RELIEF IN LIGHT OF ONGOING INFRINGEMENT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC (collectively "Plaintiffs") respectfully move this Court ex parte pursuant to Rule 65 of the Federal Rules of Civil Procedure to modify the Temporary Restraining Order entered by this Court on December 20, 2021, (Doc. 31) to address ongoing and additional infringement of Plaintiffs' COACHELLA Marks by Twenty-Nine Palms Band of Mission Indians and Coachella Crossroads LLC (collectively, "Twenty-Nine Palms") and contributory infringers, including Defendant Live Nation Entertainment, Inc. ("Live Nation").

## I. INTRODUCTION

Despite this Court's explicit determination that Plaintiffs "are likely to succeed in proving (1) that Live Nation contributorily infringed on the Coachella Marks by promoting and selling tickets for Coachella Day One 22; and (2) that Bluehost contributorily infringed on the Coachella Marks by hosting content that promotes Coachella Day One 22 on CoachellaCrossroads.com," Twenty-Nine Palms and Live Nation continue to engage in blatant acts of infringement. Live Nation continues to engage in acts of contributory infringement by continuing to sell tickets to the event and providing ticket administration services. After Bluehost ceased providing hosting services for coachellacrossraods.com, Twenty-Nine Palms wasted no time moving the infringing content, which the Court ordered be taken down, to another server. Twenty-Nine Palms has demonstrated that it will continue to willfully infringe Plaintiffs' COACHELLA Marks with impunity—regardless of what this Court orders. Based on Twenty-Nine Palms' and Live Nation's continued willful infringement in defiance of this Court's finding, Plaintiffs request broader equitable relief against Live Nation to fully enjoin its infringement.

## II. LEGAL STANDARD

The standard for a temporary restraining order is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A district court has inherent authority to modify a preliminary injunction in consideration of new facts." *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (citing *System Federation No. 91 v. Wright*, 364 U.S. 642, 647–48, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961)); *see also Lapin v. Shulton, Inc.*, 333 F.2d 169, 170 (9th Cir. 1964) (An "issuing court has continuing jurisdiction to modify or revoke an injunction as changed circumstances may dictate."). "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 793 F. App'x 482, 484 (9th Cir. 2019) (internal citation and quotation marks omitted); *United Farm Workers v. Perdue,* No. 120CV01452DADJLT, 2020 WL 6939021, at *3 (E.D. Cal. Nov. 25, 2020), *appeal dismissed*, No. 20-17510, 2021 WL 2660460 (9th Cir. Feb. 25, 2021) (applying standard to modify preliminary injunction to request to modify temporary restraining order).

## III. BACKGROUND

Plaintiffs filed this lawsuit and sought a temporary restraining order on December 13, 2021, based on Twenty-Nine Palms' infringement of Plaintiffs' COACHELLA Marks, and Live Nation's and Bluehost, Inc. d/b/a Unified Layer's ("Bluehost") contributory infringement in support of Twenty-Nine Palms' infringement. (Docs. 1, 8.) After briefing by Plaintiffs and Live Nation, this Court granted in part Plaintiffs' Application for a Temporary Restraining Order as to acts of contributory infringement related to the use of the COACHELLA Marks in Twenty Nine-Palms' Coachella Day One 22 event. (Doc. 31.) In this Order, the Court found that Plaintiffs were likely to succeed on their claims "(1) that Live Nation contributorily infringed on the Coachella Marks by promoting and selling tickets for Coachella Day One 22; and (2) that Bluehost contributorily infringed on the Coachella Marks by hosting content that promotes

Coachella Day One 22 on CoachellaCrossroads.com." (Doc. 31 at 6.) The Court found that there was "a likelihood of consumer confusion based on Twenty-Nine Palms' promotion of its December 31, 2021 music event as currently named: Coachella Day One 22[, and T]herefore, Plaintiffs are likely to establish that Twenty-Nine Palms directly infringed on the Coachella Marks by promoting Coachella Day One 22." *Id.* at 8. The Court also found that, through its control over what Ticketmaster.com lists on its website, Live Nation has "'direct control over the 'master switch.'" *Id.* at 9 (quoting *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.2d 936, 943 (9th Cir. 2011)). Based on these findings and holdings, the Court found that Plaintiffs face potential ongoing harm to their business and reputation, and that the public interest favored issuing a TRO because "[c]onsumers have a right to not be confused about who sponsors a product or service." *Id.* at 10.

The Court therefore enjoined (1) Bluehost from hosting content on CoachellaCrossroads.com that promotes Twenty-Nine Palms' music event under the name Coachella Day One 22; and (2) Live Nation from promoting and selling tickets on Ticketmaster.com for Twenty-Nine Palms' music event under the name Coachella Day One 22.

Despite the Court's clear order as to the likely outcome of Plaintiffs' case and the harm the infringing conduct was causing Plaintiffs and the public, Twenty-Nine Palms and Live Nation have continued to infringe the COACHELLA Marks and frustrate the intended result of the Temporary Restraining Order. Although Bluehost ceased hosting content on coachellacrossroads.com, Twenty-Nine Palms changed its server and continued to operate the webpage at coachellacrossroads.com with the infringing content that the Court had ordered taken down. The website continues to promote Coachella Day One 22 and links to buy tickets for the event at ticketmaster.com. (Declaration of David J. Steele ("Steele Decl.") ¶ 3.) A true and correct screen capture of content currently hosted on CoachellaCrossroads.com is displayed below:

-3-



(Steele Decl. ¶ 3 & Ex. A.) If one clicks on the "GET TICKETS NOW" button displayed on the website, they are directed to https://www.ticketmaster.com/event/09005B3BC1473FB4 to purchase tickets for the event from Ticketmaster. A true and correct screen capture of the Ticketmaster webpage linked from coachellacrossroads.com and offering tickets to the Coachella Day One 22 event is displayed below:



(Steele Decl. ¶ 3 & Ex. A.)

A search of internet records reveals that the domain name coachellacrossroads.com is currently hosted by Spotlight 29 Casino, an entity that appears to be related to Twenty-Nine Palms, at the IP address 98.154.69.229, with internet service provided by Charter Communications' Spectrum Business service. (Steele Decl. ¶ 4.) The site now appears to be hosted inside Spotlight 29 Casino, presumably by another entity for which Twenty-Nine Palms would claim sovereign immunity attaches. *Id.* On December 21, 2021, Plaintiffs sent a letter to Charter Communications, informing them of the infringing content being hosted through their service, and attaching evidence identifying Charter Communications / Spectrum Business as the service provider for the website assessable at coachellacrossroads.com (on IP address 98.154.69.229). (Steele Decl. ¶ 5.) Plaintiffs also informed Charter Communications of the Court's Order enjoining Bluehost from hosting the infringing content on coachellacrossroads.com and demanded that Charter Communications disable access to infringing content at coachellacrossroads.com. (Steele Decl. ¶ 6.)

In addition, Twenty-Nine Palms continues to utilize third party service providers, such as billboard advertisers, to promote its infringing Coachella Day One 22 event. For example, a billboard hosted by Lamar Advertising Company near the Coachella Day One 22 event site, as of December 21, 2021, continues to display an advertisement for Coachella Day One 22, with the prominent display of "COACHELLA" and offering complimentary tickets at Ticketmaster, using one of Ticketmaster's marks. (Steele Decl. ¶ 7.) Below is a

1  picture of the billboard displaying the infringing content:



(Steele Decl. ¶ 7 & Ex. C.)

So while Live Nation ceased using the specific name "Coachella Day One 22" on its Ticketmaster webpage, Twenty-Nine Palms continues to promote the event to consumers using the infringing content and directs consumers to Ticketmaster to purchase tickets to the infringing event. (Steele Decl. ¶ 8.) That Live Nation's webpage omits the word "Coachella" from the infringing name does little to dispel any consumer confusion.

On December 20, Plaintiffs sent a letter to Live Nation reminding it of the Court's findings, and informing Live Nation that Twenty-Nine Palms was continuing to infringe the COACHELLA Marks with material support from Ticketmaster. (Steele Decl. ¶ 9 (attaching December 20, 2021, Letter to Live Nation's counsel).) Plaintiffs further informed Live Nation that by continuing to provide material support to the Coachella Day One 22 event, including by selling tickets to and (as Plaintiffs understand, providing back-end ticketing services for) the event, Live Nation was engaging willful contributory trademark infringement. (Steele Decl. ¶ 10.) Plaintiffs demanded that Live Nation immediately cease and desist from providing any support for the Coachella Day One 22 event unless and until Twenty-Nine Palms changes the name of the event so that it no longer infringed on the COACHELLA Marks. (Steele Decl. ¶ 11.) In particular, Plaintiffs

-6-

demanded that Live Nation cease selling tickets for and providing ticket services for Coachella Day One 22, including for tickets already sold. (Steele Decl. ¶ 12.) As of the filing of this Application, Plaintiffs have not responded to Plaintiffs' December 20 letter. (Steele Decl. ¶ 13.)

Earlier today, December 21, Live Nation filed a notice with the Court (Doc. 32) stating Live Nation was complying with the Court's temporary restraining order because Live Nation continued to sell tickets to the infringing event, but only identifying it as "Day One 22," such that Live Nation continues to willfully contributorily infringe the Coachella Marks by providing material support to the infringing event at a profit, but while ceasing to directly infringe, as it had been, when it listed the event as "Coachella Day One 22." (*See* Doc. 32 at 2.) Based on Live Nation's refusal to respond to Plaintiffs' December 20 letter, and Live Nation's December 21 notice to the Court, Plaintiffs are left to conclude that Live Nation intends to continue to willfully contributorily infringe the COACHELLA Marks by supporting Coachella Day One 22 absent further intervention by this Court.

Moreover, given Twenty-Nine Palms' demonstrated disregard for this Court's order, and its willingness to continue to advertise for and sell tickets to the Coachella Day One 22 event through Ticketmaster (including through advertisements that instruct the public to purchase tickets through Ticketmaster), further injunctive relief is necessary to protect the public from confusion and restrain the harmful infringing conduct.

## IV.   RELIEF REQUESTED

Twenty-Nine Palms' actions to frustrate the intent of this Court's Temporary Restraining Order by moving the server hosting the infringing content (after Bluehost ceased hosting the content) constitute a material change in facts that compel Plaintiffs to once again seek this Court's intervention. Live Nation's continuing to sell tickets to the event even after Plaintiffs notified Live Nation of Twenty-Nine Palms' ongoing willful infringement demonstrates that Live Nation is a willful infringer as well, and that further intervention by this Court is necessary to give effect to the initial Temporary Restraining Order.

-7-

In order to protect the consuming public from confusion and to protect Plaintiffs' COACHELLA Marks from ongoing infringement related to the Coachella Day One 22 event, Plaintiffs respectfully ask that this Court modify the December 20 Temporary Restraining Order.

Accordingly, Plaintiffs request that the Court modify the Temporary Restraining Order to enjoin Live Nation from:

1. Engaging in, or contributing to, any infringing activity including advertising, promoting, marketing, franchising, selling and offering for sale any goods or services in connection with Twenty-Nine Palms' Coachella Day One 22 event, unless and until the event no longer infringes Plaintiffs' COACHELLA Marks.

2. Providing any ticketing services in connection with Twenty-Nine Palms' Coachella Day One 22 event, including advertising or selling tickets to the event or providing ticketing authentication or validation services (including for tickets already sold), unless and until the event no longer infringes Plaintiffs' COACHELLA Marks.

Immediate relief is warranted because the Coachella Day One 22 event is scheduled to take place on December 31, 2021, and the advertising is ongoing.

Pursuant to Local Civil Rule 7-3, no conference of counsel is necessary because Plaintiffs are moving for a temporary restraining order. Pursuant to Local Civil Rule 7-19.1, Plaintiffs' counsel telephoned Live Nation's counsel to give them notice of this Application on December 21, 2021. (Steele Decl. ¶ 14.) On December 21, 2021, Plaintiffs' counsel also emailed Live Nation's counsel to ask whether Live Nation intended to oppose the Application. Live Nation's counsel responded to this email, asking that Plaintiffs' counsel "paste the specific relief your clients intend to request into an email and send to me so we can discuss with the client." (Steele Decl. ¶ 15.) Plaintiffs' counsel provided the requested information to Live Nation's counsel by email, but as of the time of the filing of this Application, Plaintiffs' counsel has not received a response as to whether Live Nation would consent to Plaintiffs' requested relief. *Id.*

A proposed order is attached to this Application.

Respectfully submitted,

Dated: December 21, 2021

Tucker Ellis LLP

By: /s/David J. Steele

David J. Steele
Howard A. Kroll
Steven E. Lauridsen
Janie L. Thompson

Attorneys for Plaintiffs
Coachella Music Festival, LLC
Goldenvoice, LLC