# Exhibit D



515 South Flower Street, Forty Second Floor | Los Angeles, CA 90071-2223 | TEL 213.430.3400 | FAX 213.430.3409

Direct Dial 213.430.3360 | david.steele@tuckerellis.com

**Via email to:**

    CVaras@kilpatricktownsend.com
    LMcFarland@kilpatricktownsend.com

December 20, 2021

Christopher T. Varas
Larry McFarland
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue
Suite 3700
Seattle, WA 98101

    *Re:  Coachella Music Festival, LLC et al v. Live Nation Entertainment, Inc. et al (Case 2:21-cv-09631-RGK-GJS)*

Dear Mr. Varas and Mr. McFarland:

    As you are aware, the Court in the above-captioned case today issued the attached Order granting in part Coachella Music Festival, LLC ("Coachella") and Goldenvoice, LLC's ("Goldenvoice"; collectively, "Plaintiffs), ex parte application for a temporary restraining order.

    In doing so, the Court found that Plaintiffs are likely to succeed in proving that Twenty-Nine Palms' use of Coachella Day One 22 infringes Coachella's trademarks (the "COACHELLA Marks"), and further that Live Nation Entertainment, Inc. ("Live Nation") is contributorily infringing Coachella's trademarks by promoting and selling tickets to the Coachella Day One 22 event at issue in the case. (Doc. 31 at 10.)

    Notwithstanding the Court's order to the website hosting company to disable the infringing content, once the site was taken down Twenty-Nine Palms moved its server and is again hosting the infringing content (including with links to ticketmaster.com and prominently displaying the Ticketmaster mark).

    Based on this finding, Live Nation cannot reasonably maintain that it is not engaging in willful contributory trademark infringement by continuing to provide material support for Twenty-Nine Palms' Coachella Day One 22 event.[1] Yet, as of today, Live Nation continues to sell (and we understand, provide back-end ticketing services to) tickets to Coachella Day One 22. These and any other acts supporting Coachella Day One 22 constitute willful contributory trademark infringement.

---

[1] That the court only enjoined your client from promoting and selling tickets on Ticketmaster.com for Twenty-Nine Palms' event under the name Coachella Day One 22, does not absolve your client's contributory infringement nor excuse its willfulness.

CHICAGO   CLEVELAND   COLUMBUS   LOS ANGELES   SAN FRANCISCO   ST. LOUIS | tuckerellis.com

**Tucker Ellis LLP**

<div style="text-align:right">

Mr. Varas & Mr. McFarland
Kilpatrick Townsend & Stockton LLP
December 20, 2021
Page 2

</div>

By this letter, Coachella demands that Live Nation immediately cease and desist from providing any support for Coachella Day One 22 unless and until Twenty-Nine Palms changes the name of the event so that it no longer infringes on the COACHELLA Marks. In particular, Coachella demands that your client immediately cease selling tickets and providing ticket services for Coachella Day One 22, including for tickets already sold.

Please confirm in writing whether your client intends to cease its infringing activity so Coachella can decide whether further action is necessary at this time, including seeking additional relief from the Court.

Nothing in this letter shall be deemed a waiver of any rights, remedies or defenses of Plaintiffs, all of which are hereby expressly reserved under all applicable laws.

<div style="margin-left:50%">

Sincerely,
TUCKER ELLIS LLP

*/s/ David J. Steele*

David J. Steele
Attorney

</div>

DJS:jcs