UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09631-RGK-GJS | Date | March 14, 2022 |
|---|---|---|---|
| Title | *Coachella Music Festival, LLC et al v. Live Nation Entertainment, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 47]

## I.  INTRODUCTION

On December 13, 2021, Coachella Music Festival, LLC and Goldenvoice, LLC (collectively, "Plaintiffs") filed a lawsuit against Live Nation Entertainment, Inc. ("Defendant"), alleging contributory trademark infringement, contributory false designation of origin, and unfair competition.[1] (*See* Compl., ECF No. 1.) That same day, Plaintiffs filed an *ex parte* application for a temporary restraining order ("TRO"). (*See* ECF Nos. 8–11.) The Court granted Plaintiffs' Application in part and entered a TRO enjoining Defendant "from promoting and selling tickets on Ticketmaster.com for Twenty-Nine Palms' music event under the name Coachella Day One 22." (TRO at 10, ECF No. 31.) On December 27, 2021, the Court entered a preliminary injunction enjoining the same. (ECF Nos. 42, 44.)

Presently before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(7). (ECF No. 47.) For the following reasons, the Court **DENIES** Defendant's Motion.

## II.  FACTUAL BACKGROUND

Plaintiffs allege the following:

Plaintiffs produce and own the intellectual property rights to Coachella Valley Music and Arts Festival ("Coachella"). Coachella is "one of the country's premier music and arts festivals." (Compl. ¶ 21.) It is held every April at an outdoor venue in the desert in Southern California. An estimated 750,000 people attend the event over two consecutive weekends, and tickets typically sell out within one hour. Plaintiffs own the following standard character service and trademarks: COACHELLA, CHELLA, and

---

[1] Plaintiffs also sued Bluehost, Inc., who has not yet appeared in the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09631-RGK-GJS | Date | March 14, 2022 |
|---|---|---|---|
| Title | *Coachella Music Festival, LLC et al v. Live Nation Entertainment, Inc. et al* | | |

COACHELLA VALLEY MUSIC AND ARTS FESTIVAL. They also own the following stylized mark:

**COACHELLA**

(collectively, the "Coachella Marks").

Twenty-Nine Palms Band of Mission Indians and Coachella Crossroads, LLC (collectively, "Twenty-Nine Palms") owns and operates an outdoor venue called Coachella Crossroads, which is located 5 miles from the Coachella venue.[2] In April 2018, Twenty-Nine Palms applied to register the mark COACHELLA CROSSROADS with the United States Patent and Trademark Office ("USPTO"). The USPTO issued an office action[3], citing a likelihood of confusion with Plaintiffs' Coachella Marks. In October 2018, Twenty-Nine Palms responded to the office action by revising its application to name only one service that the mark would cover: "providing sports facilities for sporting events, sports, and athletic competitions." (Compl. ¶ 58.) Plaintiffs had until January 8, 2019 to oppose the application, but they chose not to oppose it because Twenty-Nine Palms told Plaintiffs that the venue would only be used for local community events, such as youth soccer, and not music events.

Nevertheless, Twenty-Nine Palms began promoting live music events at Coachella Crossroads, where prominent country artist Toby Keith performed in May 2021. In late 2021, Twenty-Nine Palms promoted an event called Coachella Day One 22. Plaintiffs allege that Twenty-Nine Palms' promotional materials copied Plaintiffs' materials in several ways. For instance, Twenty-Nine Palms adopted elements from Plaintiffs' advertising for its own advertising—namely, a "Ferris wheel with silhouettes of live performers all depicted in orange, yellow, and red sunset colors." (Compl. ¶ 72.) Also, the name of the event mirrored how Coachella attendees describe each day of Coachella—Coachella Weekend One or Weekend Two, and within each weekend, Coachella Day One, Day Two, or Day Three.

Defendant sold tickets to Coachella Day One 22 on its ticketing platform, Ticketmaster.com. Plaintiffs allege that the unauthorized use of the Coachella Marks "creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Twenty-Nine Palms' event and venue, and is likely to falsely suggest a sponsorship, connection, license, or association of Twenty-Nine Palms and Defendant[] with Plaintiffs and COACHELLA." (Compl. ¶ 99.)

---

[2] Plaintiffs have not sued Twenty-Nine Palms because they assert that Twenty-Nine Palms is entitled to sovereign immunity and therefore not subject to suit.

[3] "An office action is an official letter sent by the USPTO. In it, an examining attorney lists any legal problems with your chosen trademark, as well as with the application itself. [An applicant] must resolve all legal problems in the office action before [the USPTO] can register [the] trademark." *Responding to Office Actions*, United States Patent and Trademark Office, https://www.uspto.gov/trademarks/maintain/responding-office-actions (last visited March 14, 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-09631-RGK-GJS | Date | March 14, 2022 |
| Title | *Coachella Music Festival, LLC et al v. Live Nation Entertainment, Inc. et al* | | |

### III. DISCUSSION

Defendant asks the Court to dismiss this case for failure to join a purportedly indispensable party, Twenty-Nine Palms.

A court may dismiss a case for failure to join an indispensable party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7); *see also* Fed. R. Civ. P. 19(b). To determine whether a person must be joined to a lawsuit under Rule 19, courts first determine whether the party is necessary to the action and then whether it is feasible to join that party. *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). If joinder is necessary and feasible, then "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). But if joinder is not feasible—such as when a necessary party is immune from suit—courts consider specific factors to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[4] Fed. R. Civ. P. 19(b). Dismissal means that the absent party is "indispensable." *EEOC*, 400 F.3d at 780.

Rule 19(a) describes three situations that render a party necessary.[5] Defendant argues that one of those situations applies here: that is, Twenty-Nine Palms has interests relating to the subject of the action and its absence would "as a practical matter impair or impede [its] ability to protect the interest[s]." Fed. R. Civ. P. 19(a)(1)(B)(i). If established, Twenty-Nine Palms is a necessary party. Defendant bears the burden of proof, *Makah Indian Tribe*, 910 F.2d 555, 558 (9th Cir. 1990), and the Court may consider evidence outside of the pleading. *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960). "The inquiry is a practical one and fact specific . . . and is designed to avoid the harsh results of rigid application." *Makah Indian Tribe*, 910 F.2d at 558.

---

[4] "Some courts have noted, however, that when the necessary party is immune from suit, there is very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the compelling factor." *Confederated Tribes of Chehalis Indian Rsrv. v. Lujan*, 928 F.2d 1496, 1499 (9th Cir. 1991). The Ninth Circuit has "nonetheless consistently applied the four-part test to determine whether Indian tribes are indispensable parties." *Id.*

[5] A party is necessary in any of the following situations:
    (A) in that party's absence, the court cannot accord complete relief among existing parties; or
    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
        (i) as a practical matter impair or impede the person's ability to protect the interest; or
        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-09631-RGK-GJS | Date | March 14, 2022 |
| Title | *Coachella Music Festival, LLC et al v. Live Nation Entertainment, Inc. et al* | | |

The Court therefore must determine (1) whether Twenty-Nine Palms has an interest that relates to the subject of the action and (2) whether its absence will impair its ability to protect that interest. The interest must be "legally protected." *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 970 (9th Cir. 2008). Although the interest need not be "property in the sense of the due process clause," it "must be more than a financial stake." *Id*. And an interest that "arises from terms in bargained contracts" must be "substantial." *Id*.

According to Defendant, Twenty-Nine Palms has five interests:

1. The authorized use of the COACHELLA CROSSROADS mark pursuant to an oral contract with Plaintiffs' parent company, AEG;
2. The benefit of its bargain with Defendant under an agreement wherein Ticketmaster.com is the "exclusive ticket seller for events held by [Twenty-Nine Palms] at Coachella Crossroads for five years" (Mike Decl. ¶ 15, ECF No. 47-2);
3. Its sovereignty;
4. Its ownership rights to the COACHELLA CROSSROADS mark; and
5. An "historical and cultural interest in referring to its property as 'Coachella'" (Def.'s Mot. Dismiss at 7).

The Court addresses each interest in turn.

### A. Authorized Use of the COACHELLA CROSSROADS Mark

Defendant asserts that Plaintiffs' parent company (AEG) and Twenty-Nine Palms orally agreed that "AEG would not object to the use of the [COACHELLA CROSSROADS] mark as long as [Twenty-Nine Palms'] use of the mark did not incorporate any of the Coachella Music Festival logos," thereby authorizing Twenty-Nine Palms' use of the COACHELLA CROSSROADS mark. Defendant then argues that Twenty-Nine Palms' absence will impair its ability to protect this authorized use of the COACHELLA CROSSROADS mark because Plaintiffs will attempt to set aside the purported oral agreement between Twenty-Nine Palms and AEG. The Court disagrees.

Defendant argues that "all parties who may be affected by a suit to set aside a contract must be present." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983). Defendant, however, ignores the latter part of the quoted sentence: The rule is "inapplicable" when a plaintiff "is not seeking to set aside or enjoin performance under any contract." *Id*. Here, despite Defendant's assertion, Plaintiff is not seeking to set aside a contract involving Twenty-Nine Palms. It is Defendant who is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09631-RGK-GJS | Date | March 14, 2022 |
|---|---|---|---|
| Title | *Coachella Music Festival, LLC et al v. Live Nation Entertainment, Inc. et al* | | |

raising this purported oral agreement as a defense, claiming consent to use the Coachella Marks. (*See* Def.'s Mot. at 10.)

In addition, Twenty-Nine Palms' claimed interest is not entirely implicated by this litigation, and as such, its ability to protect this claimed interest would not be sufficiently impaired. Twenty-Nine Palms claims an interest in the authorized use of the COACHELLA CROSSROADS mark *generally*. At stake in this case, however, is the use of the COACHELLA CROSSROADS mark *specifically* "in connection with live music and similar entertainment events." (Compl. ¶ 106.) Should Plaintiffs prevail, the Court would likely enter judgment against Defendant regarding use of the Coachella Marks to promote music events. Twenty-Nine Palms' own general use of the COACHELLA CROSSROADS mark would therefore not be entirely implicated. As such, Twenty-Nine Palms' absence would not hamper its ability to protect the broader interests that arose from its purported agreement with AEG.

### B. Benefit of Its Bargain with Defendant

Defendant also asserts that it has an exclusivity agreement with Twenty-Nine Palms, wherein "Ticketmaster is contractually obligated to be the exclusive seller for events held by [Twenty-Nine Palms] for five years." (Mike Decl. ¶ 15.) Defendant argues that Twenty-Nine Palms' absence impairs its ability to protect the benefit of its bargain with Defendant because if Defendant is "enjoined from selling tickets to Coachella Crossroads events . . . [Twenty-Nine Palms] may not be able to find a replacement seller without being in breach" of the exclusivity agreement. (*Id.*) The Court is unpersuaded.

Defendant failed to produce the exclusivity agreement that is the basis for this claimed interest. Without evidence of the underlying agreement, the claimed interest is merely speculative. And an interest must be "more than speculation about a future event." *Makah Indian Tribe*, 910 F.2d at 558; *see also Northrop Corp.*, 705 F.2d at 1046 ("Speculation about the occurrence of a future event ordinarily does not render all parties potentially affected by that future event necessary or indispensable parties under Rule 19."). Also, without the agreement, the Court cannot discern whether Twenty-Nine Palms has other recourse, such as liquidated damages, that would give it the benefit of its bargain. If Twenty-Nine Palms could still recover the benefit of its bargain, then its ability to protect this interest would not be impaired by its absence from the lawsuit. Because the Court would be forced to speculate about how Twenty-Nine Palms' absence could impair this claimed interest, Defendant has failed to meet its burden.

Also, Defendant contends that if "Plaintiffs successfully bar Ticketmaster from selling those tickets, Ticketmaster could be considered in breach of their contract." (Mike Decl. ¶ 16.) But the concern here is whether Twenty-Nine Palms' ability to protect its interests would be impaired—not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09631-RGK-GJS | Date | March 14, 2022 |
|---|---|---|---|
| Title | *Coachella Music Festival, LLC et al v. Live Nation Entertainment, Inc. et al* | | |

Defendant's ability. The Court therefore is not concerned about whether Defendant could be considered in breach of contract if ultimately enjoined from engaging in unlawful conduct.

### C. Sovereignty

Defendant argues that Twenty-Nine Palms has an interest in its sovereignty, which it will be unable to protect because of an indemnity agreement between Defendant and Twenty-Nine Palms. According to Defendant, Twenty-Nine Palms "may be exposed to financial harm in the event [Defendant] does not prevail in this lawsuit," which is "effectively an end run around sovereign immunity." (Def.'s Mot. at 6.) Defendant's argument is unsubstantiated.

First, the "mere fact that the outcome of [Plaintiffs'] litigation may have some financial consequences for [Twenty-Nine Palms] is not sufficient to make [Twenty-Nine Palms a] required part[y]." *See Cachil Dehe Band of Wintun Indians*, 547 F.3d at 971. Defendant also fails to show that the outcome of this litigation would affect Twenty-Nine Palms' sovereignty. Defendant does not produce enough evidence that an indemnity agreement even exists. It fails to produce the agreement and uses dubious language, such as, "Under its agreement with Ticketmaster, [Twenty-Nine Palms] could *potentially* be responsible for indemnifying [Defendant] for third party claims . . . ." Also, because Defendant failed to produce the agreement, the Court cannot discern whether by agreeing to indemnify Defendant, Twenty-Nine Palms effectively waived its sovereign immunity—the very interest that Defendant argues will be impaired. Therefore, the Court cannot find that Twenty-Nine Palms' absence threatens its sovereignty.

### D. Ownership Rights to the COACHELLA CROSSROADS Mark

Twenty-Nine Palms also claims ownership rights to the COACHELLA CROSSROADS mark, which Defendant argues will be impaired. Specifically, Defendant argues that should Plaintiff prevail, a permanent injunction would prohibit "*anyone* from working with [Twenty-Nine Palms] in connection with the Coachella Crossroads venue," preventing Twenty-Nine Palms from using its mark. (Def.'s Mot. at 12 (emphasis added).)

That assertion is exaggerated and simply untrue. Because a permanent injunction "must be narrowly tailored to give only the relief to which plaintiffs are entitled," any injunction is not likely to enjoin just "anyone" from working with Twenty-Nine Palms. *See Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 558 (9th Cir. 1990). And it certainly would not enjoin Twenty-Nine Palms, who is not a party to this action.

Furthermore, Defendant misconstrues the legal question. The question is not whether Twenty-Nine Palms' interest would be impaired, as Defendant argues, but instead whether Twenty-Nine Palms'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09631-RGK-GJS | Date | March 14, 2022 |
|---|---|---|---|
| Title | *Coachella Music Festival, LLC et al v. Live Nation Entertainment, Inc. et al* | | |

"*ability to protect* the interest" would be impaired. *See* Fed. R. Civ. P. 19(a)(1)(B)(i) (emphasis added). Of course, Twenty-Nine Palms would be interested in Defendant's success in this case so that it could continue to use Ticketmaster.com in exactly the way that it wants. But that fact alone is insufficient. *See N. Alaska Env't Ctr. v. Hodel*, 803 F.2d 466, 469 (9th Cir. 1986) (finding that although "all miners are 'interested' in how stringent the requirements will be" regarding mining plan approval, the miners were not a necessary party). As a "practical matter," Twenty-Nine Palms would still be able to protect its rights to the COACHELLA CROSSROADS mark if Plaintiffs prevail and if Defendant is enjoined from using the Coachella Marks to promote music events. Plaintiffs are not trying to enjoin Twenty-Nine Palms or cancel the COACHCHELLA CROSSROADS mark.

### E. Historical and Cultural Interest

Last, Defendant argues that Twenty-Nine Palms has an "historical and cultural interest in referring to its property as 'Coachella' and 'Coachella Crossroads,'" and that this action is a "veritable gun-to-the-head, forcing [it] to stop referring to its venue or property using 'Coachella.'" (Def.'s Mot. at 7.) Courts are not "required to find a party necessary based on patently frivolous claims made by that party." *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992). This claimed interest is "patently frivolous" because it does not constitute a "legally protected" interest, sufficient to deem Twenty-Nine Palms a necessary party under Rule 19.

### F. Adequately Protected Interests

Any potential impairment of Twenty-Nine Palms' ability to protect its interest is minimized because it is "adequately represented in the suit." *See Makah Indian Tribe*, 910 F.2d at 558. To determine whether an absent party is adequately represented, courts consider the following factors: "whether 'the interests of a present party to the suit are such that it will undoubtedly make all' of the absent party's arguments; whether the party is 'capable of and willing to make such arguments'; and whether the absent party would 'offer any necessary element to the proceedings' that the present parties would neglect." *Shermoen*, 982 F.2d at 1318.

The Court is persuaded that Defendant will undoubtedly make all of Twenty-Nine Palms' arguments. Because direct infringement is a required element of contributory infringement, Defendant is sure to argue that Twenty-Nine Palms did not directly infringe on the Coachella Marks, asserting all nonfrivolous arguments to avoid liability. Defendant's contention that the purported indemnity agreement creates a conflict of interest is unavailing. Even if Twenty-Nine Palms did agree to indemnify Defendant, Defendant is still well-incentivized to win this case, and its interests are aligned with Twenty-Nine Palms. It does not appear that Twenty-Nine Palms would add any necessary element to the litigation that Plaintiffs and Defendant would neglect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09631-RGK-GJS | Date | March 14, 2022 |
|---|---|---|---|
| Title | *Coachella Music Festival, LLC et al v. Live Nation Entertainment, Inc. et al* | | |

Accordingly, Defendant fails to meet its burden of demonstrating that Twenty-Nine Palms is a necessary party. The Court therefore finds that Rule 19 does not warrant dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

                                                                                                                                                                 _____ : _____

Initials of Preparer                        jre/k